**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN K. VINING<br>18359 COSHOCTON ROAD<br>MOUNT VERNON, OH 43050 | ) CASE NUMBER: 22-cv-3105<br>)<br>)<br>) JUDGE:<br>) |
| Plaintiff | ) **COMPLAINT**<br>) |
| vs. | ) **(Jury Demand)**<br>) |
| NINEBOT U.S., INC.<br>184 S. LIVINGSTON AVENUE #9<br>LIVINGSTON, NJ 07039 | )<br>)<br>)<br>) |
| and | )<br>) |
| SEGWAY, INC.<br>14 TECHNOLOGY DRIVE<br>BEDFORD, NEW HAMPSHIRE 03110 | )<br>)<br>)<br>) |
| and | )<br>) |
| AMAZON.COM SERVICES LLC<br>410 TERRY AVE. NORTH<br>SEATTLE, WA 98109-5210 | )<br>)<br>)<br>) |
| and | )<br>) |
| AMAZON.COM SERVICES LLC<br>C/O CORPORATION SERVICE<br>COMPANY<br>50 W. BROAD STREET, SUITE 1330<br>COLUMBUS, OH 43215 | )<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| and | ) |
| | ) |
| AMAZON LOGISTICS, INC. | ) |
| C/O CORPORATION SERVICE | ) |
| COMPANY | ) |
| 50 W. BROAD STREET, SUITE 1330 | ) |
| COLUMBUS, OH 43215 | ) |
| | ) |
| Defendants | ) |

Plaintiff, John K. Vining, by and through undersigned counsel, bring this action against Defendants Ninebot U.S., Inc. ("Ninebot"), and Segway, Inc. ("Segway"), Amazon Logistics, Inc., Amazon.com Services LLC ("Amazon") and upon information and belief, allege as follows:

## PARTIES

1.     Plaintiff John K. Vining is, and at all relevant times was, a resident of Mount Vernon, Ohio.

2.     Defendant Ninebot is, and at all relevant times was, a domestic distributor of a foreign corporation, Ninebot (Tianjin) Tech Co., Ltd., with its principal place of business at 184 S. Livingston Avenue #9, Livingston, New Jersey 07039. Ninebot is licensed to do business here within the State of Ohio.

3.     Defendant Segway is, and at all relevant times was, a domestic corporation, with its principal place of business at 14 Technology Drive, Bedford, New Hampshire 03110.

4.     Amazon Services.com LLC and/or Amazon Logistics, Inc. is and at all relevant times was, a domestic corporation, with its principal place of business at 50 W. Broad Street, Suite 1330 Columbus, Ohio 43215 or at 410 Terry Ave., North, Seattle, WA 98109-5210.

5.     At all relevant times, Defendants Ninebot and Segway were engaged in the business of designing, developing, formulating, manufacturing, testing, packaging, promoting, labeling,

2

advertising, marketing, instructing on and warning about, distributing, supplying, and/or selling MiniPRO products.

6.    At all relevant times, Defendants Ninebot and Segway transacted, solicited, and conducted business in the State of Ohio, derived substantial revenue from such business, and expected or should have expected that their actions would have consequences within the United States of America, and the State of Ohio in particular.

7.    At all relevant times, Defendant Amazon were engaged in the business of supplying MiniPRO Products.

**JURISDICTION**

8.    Jurisdiction in this Court is proper under 28 U.S.C. § 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000, exclusive of costs and interests. The injury occurred in Mount Vernon, Ohio, and Ninebot and Segway, together and separately, sold the subject product to an Ohio individual, such that this Court has jurisdiction under both defendants.

**VENUE**

9.    Venue is proper pursuant to 28 U.S.C. § 1391, because the incident that led to serious injuries suffered by Plaintiff John K. Vining took place in this judicial district.

**FACTUAL ALLEGATIONS**

10.    Defendant Segway has designed, manufactured and supplied its MiniPRO products to Defendant Ninebot in the United States.

11.    Ninebot bought Segway Inc. in April 2015.

12.    MiniPROs are two-wheeled, self-balancing hoverboards used for human transportation.

3

13.     MiniPROs have a model number of N3M260. The MiniPRO's serial number is N3MSA1734T0722.

14.     Defendant Segway sells its products to consumers and retailers, such as Defendant Ninebot, throughout the United States, including Ohio, who in turn sells them to customers.

15.     On or before January 23, 2021, Plaintiff John K. Vinning purchased a MiniPRO from Defendant Amazon.

16.     On or about January 23, 2021, Plaintiff John K. Vining used a MiniPRO at the airport.

17.     On or about January 23, 2021, Plaintiff John K. Vining was traveling on the MiniPRO at the above address.

18.     Plaintiff John K. Vining lost his balance, flew forward off the MiniPRO and faceplanted. He landed on his left wrist, left hand, left knee, and sustained fractures to multiple bones in his face, requiring surgery.

19.     As a direct and proximate result of Defendants Segway and Ninebot's negligence and wrongful conduct in, *inter alia*, manufacturing and distributing its MiniPRO, and the unreasonably dangerous and defective characteristics of Defendants Segway and Ninebot's MiniPRO, Plaintiff John K. Vining suffered physical injury and bodily impairment, including but not limited to, lacerations and contusions, conscious pain and suffering, and economic losses, physical injuries, and emotional distress.

## FIRST CAUSE OF ACTION

### Strict Liability

### Defect in Design or Formulation as to Defendant Segway

20.     Plaintiff incorporates by reference, as if fully set for herein, each and every allegation set forth in the preceding paragraphs and further allege as follows.

21.     At all times material hereto, Defendant Segway is a company engaged in the business to design, formulate, produce, create, make construct, assemble, or rebuild a product or a component of the MiniPRO products as set forth in Ohio Revised Code 2307.71(A)(9).

22.     At all material times hereto, Defendant Segway's MiniPRO products were defective, and Defendant is strictly liable for the design as follows:

      a.     The product is defective in design or formation at the time it left the control of its manufacturer, the nature and magnitude of the risks of harm associated with the design in light of the intended and reasonably foreseeable uses exceeded the benefits associated with the design in light of the intended and reasonably foreseeable uses exceeded the benefits associated with the design as set forth in Ohio Revised Code 2307.75 *et.seq.*;

      b.     The product was defective in design and formation when it left the control of the manufacturer, the likely awareness of product users of the warnings or general knowledge of the risks of harm associated with the design in light of the intended and reasonably foreseeable uses exceeded the benefits associated with the design as set forth in Ohio Revised Code 2307.75 *et.seq.*;

c.      The product was defective in design and formulation when it left the control of the manufacturer was likely to cause harm in light of the intended and reasonably foreseeable uses exceeded the benefits associated with the design as set forth in Ohio Revised Code 2307.75 *et.seq.*;

d.      The product was defective in design and formulation when it left the control of the manufacturer since it failed to conform to any applicable public or private product standard that was in effect when the product left the control of its manufacturer exceeded the benefits associated with the design as set forth in Ohio Revised Code 2307.75 *et.seq.*;

e.      The product is more dangerous than a reasonably prudent person would expect when used in an intended or reasonably foreseeable manner as set forth in Ohio Revised Code 2307.75.

f.      The product has a safer, more practical and an alternative design when it is used as intended and the nature and magnitude of the harm is less with this alternative design as set forth in Ohio Revised Code 2307.75 *et.seq.*

23.     Defendant Segway is liable despite Defendant Segway exercising all possible care in the design and formulation of the MiniPRO.

24.     Defendant Segway knew or should have known that consumers, such as Plaintiff John K. Vining, would foreseeably suffer injury as a result of Segway's failure to exercise reasonable care as described above.

25.     As a direct and proximate result of Defendant's actions or failure to act, Plaintiff John K. Vining suffered personal injury, economic and non-economic damages, and will continue to suffer such harm, damages and economic loss in the future.

26.     As a direct and proximate result of Plaintiff's use of the MiniPRO and Plaintiff John K. Vining's injuries, Plaintiff John K. Vining suffered damages and harm, including but not limited to, medical expenses and other harm.

**WHEREFORE**, Plaintiff respectfully demands judgments against the Defendants jointly and severally, in the amount of not less than Seventy-Five Thousand Dollars ($75,000.00) as for compensatory and other damages in an amount to be determined by a jury according to law, attorneys' fees, and costs herein.

<u>SECOND CAUSE OF ACTION</u>

**Strict Liability**

<u>**Defective Manufacturing as to Defendant Segway**</u>

27.     Plaintiff incorporates by reference, as if fully written and set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows.

28.     At all times material hereto, Defendant Segway is a company engaged in the business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of the MiniPRO as set forth in Ohio Revised Code 2307.71(A)(9).

29.     At all material times hereto, Defendant Segway's MiniPRO products were defective, and Defendant is strictly liable for the design as follows:

      a.     The MiniPRO products deviated in a material way from the design specifications, formula, or performance standards of the manufacturer when it left the control of Defendant Segway as set forth in Ohio Revised Code 2307.74;

b.   The MiniPRO products deviated in a material way from otherwise identical units manufactured to the same design specifications, formulas, or performance standards as set forth in Ohio Revised Code 2307.74.

30.   Defendant Segway is liable despite Defendant Segway exercising all possible care in the manufacture and construction of the MiniPRO products.

31.   Defendant Segway knew or should have known that consumers, such as Plaintiff John K. Vining, would foreseeably suffer injury as a result of Ninebot's failure to exercise reasonable care as described above.

32.   As a direct and proximate result of Plaintiff's use of the MiniPRO as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendant Segway, Plaintiff John K. Vining suffered personal injury, economic and non-economic damages, and will continue to suffer such harm, damages and economic loss in the future.

**WHEREFORE**, Plaintiff respectfully demands judgments against the Defendants jointly and severally, in the amount of not less than Seventy-Five Thousand Dollars ($75,000.00) as for compensatory and other damages in an amount to be determined by a jury according to law, attorneys' fees, and costs herein.

**THIRD CAUSE OF ACTION**

**Strict Liability**

**Defect Due to Inadequate Warning as to Defendant Segway**

33.   Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows.

34. At all times material hereto, Defendant Segway is a company engaged in the business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of the MiniPRO as set forth in Ohio Revised Code 2307.71(A)(9).

35. At all times material hereto, Defendant Segway's MiniPRO products were defective, and the Defendant is strictly liable for the design as follows:

    a.    Defendant Segway knew of or should have knowns about a risk that is associated with the product and that allegedly caused harm for which the claimant seeks to recover compensatory damages as set forth in Ohio Revised Code 2307.76, in light of the likelihood of the Plaintiff falling off the MiniPRO and suffering lacerations and contusions;

    b.    Defendant Segway knew or should have known to provide warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the claimant seeks to recovery compensatory damages and in light of the likely seriousness of the harm as set forth in Ohio Revised Code 2307.76;

    c.    Defendant Segway knew or should have known to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risk as set forth in Ohio Revised Code 2307.76;

    d.    Defendant Segway knew or should have known to provide the warning or instruction that a manufacturer would have provided concerning the increased risk as set forth in Ohio Revised Code 2307.76, in light of the

likelihood of the Plaintiff falling off the MiniPRO and suffering lacerations and contusions.

36.     Defendant Segway is liable despite Defendant Segway exercising all possible care in the manufacture and construction of MiniPRO products.

37.     Defendant Segway knew or should have known that consumers, such as Plaintiff John K. Vining, would foreseeably suffer injury as a result of Ninebot's failure to exercise reasonable care as described above.

38.     As a direct and proximate result of Plaintiff's use of MiniPRO as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendant Segway, Plaintiff John K. Vining suffered personal injury, economic and non-economic damages, and will continue to suffer such harm, damages, and economic loss in the future.

39.     As a direct and proximate result of Plaintiff's use of the MiniPRO and Plaintiff John K. Vining's resulting injuries, Plaintiff has suffered damages and harm, including but not limited to, medical expenses and other economic harm.

**WHEREFORE**, Plaintiff respectfully demands judgments against the Defendants jointly and severally, in the amount of not less than Seventy-Five Thousand Dollars ($75,000.00) as for compensatory and other damages in an amount to be determined by a jury according to law, attorneys' fees, and costs herein.

## FOURTH CAUSE OF ACTION

### Negligence as to Defendant Segway

40.     Plaintiffs incorporate by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows.

41.     Defendant Segway had a duty to exercise reasonable care in designing, formulating, manufacturing, inspecting, testing, packaging, promoting, labeling, advertising, marketing, instructing on and warning about, distributing, supplying, selling and were otherwise negligent and/or placing its MiniPRO products into the stream of commerce, but Segway failed to exercise such reasonable care, in that Segway knew, or should have known, that its MiniPRO products created a significant risk of bodily harm and were not safe for consumers, but Defendant Segway continued designing, formulating, manufacturing, inspecting, testing, packaging, promoting, labeling, advertising, marketing, instructing on and warning about, distributing, supplying, selling, and were otherwise negligent and/or placing its MiniPRO into the stream of commerce, without adequate labeling and/or adequate warnings of unreasonable risk of serious bodily injury or death.

42.     Defendant Segway is liable despite Defendant Segway exercising all possible care in the manufacture and construction of the MiniPRO.

43.     Defendant Segway should have known that consumers, such as Plaintiff John K. Vining, would foreseeably suffer injury as a result of Segway's failure to exercise reasonable care as described above.

44.     As a direct and proximate result of Defendant Segway's negligence, Plaintiff John K. Vining suffered personal injury, economic and non-economic damages, emotional distress, and will continue to suffer harm, damages, and economic loss in the future.

**WHEREFORE**, Plaintiff respectfully demands judgments against the Defendants jointly and severally, in the amount of not less than Seventy-Five Thousand Dollars ($75,000.00) as for compensatory and other damages in an amount to be determined by a jury according to law, attorneys' fees, and costs herein.

## FIFTH CAUSE OF ACTION

### Strict Liability

### Defect in Design or Formulation as to Defendant Ninebot

45.     Plaintiff incorporates by reference, as if fully set for herein, each and every allegation set forth in the preceding paragraphs and further allege as follows.

46.     At all times material hereto, Defendant Ninebot is a company engaged in the business to design, formulate, produce, create, make construct, assemble, or rebuild a product or a component of the MiniPRO products as set forth in Ohio Revised Code 2307.71(A)(9).

47.     At all material times hereto, Defendant Ninebot's MiniPRO products were defective, and Defendant is strictly liable for the design as follows:

a.     The product is defective in design or formation at the time it left the control of its manufacturer, the nature and magnitude of the risks of harm associated with the design in light of the intended and reasonably foreseeable uses exceeded the benefits associated with the design in light of the intended and reasonably foreseeable uses exceeded the benefits associated with the design as set forth in Ohio Revised Code 2307.75 *et.seq.*;

b.     The product was defective in design and formation when it left the control of the manufacturer, the likely awareness of product users of the warnings or general knowledge of the risks of harm associated with the design in light of the intended and reasonably foreseeable uses exceeded the benefits associated with the design as set forth in Ohio Revised Code 2307.75 *et.seq.*;

12

c.     The product was defective in design and formulation when it left the control of the manufacturer was likely to cause harm in light of the intended and reasonably foreseeable uses exceeded the benefits associated with the design as set forth in Ohio Revised Code 2307.75 *et.seq.*;

d.     The product was defective in design and formulation when it left the control of the manufacturer since it failed to conform to any applicable public or private product standard that was in effect when the product left the control of its manufacturer exceeded the benefits associated with the design as set forth in Ohio Revised Code 2307.75 *et.seq.*;

e.     The product is more dangerous than a reasonably prudent person would expect when used in an intended or reasonably foreseeable manner as set forth in Ohio Revised Code 2307.75;

f.     The product has a safer, more practical and an alternative design when it is used as intended and the nature and magnitude of the harm is less with this alternative design as set forth in Ohio Revised Code 2307.75 *et.seq.*

48.     Defendant Ninebot is liable despite Defendant Ninebot exercising all possible care in the design and formulation of the MiniPRO.

49.     Defendant Ninebot knew or should have known that consumers, such as Plaintiff John K. Vining, would foreseeably suffer injury as a result of Segway's failure to exercise reasonable care as described above.

50.     As a direct and proximate result of Defendant's actions or failure to act, Plaintiff John K. Vining suffered personal injury, economic and non-economic damages, and will continue to suffer such harm, damages and economic loss in the future.

51.     As a direct and proximate result of Plaintiff's use of the MiniPRO and Plaintiff John K. Vining's injuries, Plaintiff John K. Vining suffered damages and harm, including but not limited to, medical expenses and other harm.

**WHEREFORE**, Plaintiff respectfully demands judgments against the Defendants jointly and severally, in the amount of not less than Seventy-Five Thousand Dollars ($75,000.00) as for compensatory and other damages in an amount to be determined by a jury according to law, attorneys' fees, and costs herein.

## SIXTH CAUSE OF ACTION

### Strict Liability

### Defective Manufacturing as to Defendant Ninebot

52.     Plaintiff incorporates by reference, as if fully written and set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows.

53.     At all times material hereto, Defendant Ninebot is a company engaged in the business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of the MiniPRO as set forth in Ohio Revised Code 2307.71(A)(9).

54.     At all material times hereto, Defendant Ninebot's MiniPRO products were defective, and Defendant is strictly liable for the design as follows:

a.      The MiniPRO products deviated in a material way from the design specifications, formula, or performance standards of the manufacturer when it left the control of Defendant Segway as set forth in Ohio Revised Code 2307.74;

      b.     The MiniPRO products deviated in a material way from otherwise identical units manufactured to the same design specifications, formulas, or performance standards as set forth in Ohio Revised Code 2307.74.

55.     Defendant Ninebot is liable despite Defendant Ninebot exercising all possible care in the manufacture and construction of the MiniPRO products.

56.     Defendant Ninebot knew or should have known that consumers, such as Plaintiff John K. Vining, would foreseeably suffer injury as a result of Ninebot's failure to exercise reasonable care as described above.

57.     As a direct and proximate result of Plaintiff's use of the MiniPRO as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendant Ninebot, Plaintiff John K. Vining suffered personal injury, economic and non-economic damages, and will continue to suffer such harm, damages and economic loss in the future.

**WHEREFORE**, Plaintiff respectfully demands judgments against the Defendants jointly and severally, in the amount of not less than Seventy-Five Thousand Dollars ($75,000.00) as for compensatory and other damages in an amount to be determined by a jury according to law, attorneys' fees, and costs herein.

## SEVENTH CAUSE OF ACTION

### Strict Liability

### Defect Due to Inadequate Warning as to Defendant Ninebot

58.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows.

59.    At all times material hereto, Defendant Ninebot is a company engaged in the business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of the MiniPRO as set forth in Ohio Revised Code 2307.71(A)(9).

60.    At all times material hereto, Defendant Ninebot's MiniPRO products were defective, and the Defendant is strictly liable for the design as follows:

a.    Defendant Ninebot knew of or should have knowns about a risk that is associated with the product and that allegedly caused harm for which the claimant seeks to recover compensatory damages as set forth in Ohio Revised Code 2307.76, in light of the likelihood of the Plaintiff falling off the MiniPRO and suffering lacerations and contusions;

b.    Defendant Ninebot knew or should have known to provide warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the claimant seeks to recovery compensatory damages and in light of the likely seriousness of the harm as set forth in Ohio Revised Code 2307.76;

c.    Defendant Ninebot knew or should have known to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risk as set forth in Ohio Revised Code 2307.76;

d.    Defendant Ninebot knew or should have known to provide the warning or instruction that a manufacturer would have provided concerning the increased risk as set forth in Ohio Revised Code 2307.76, in light of the

likelihood of the Plaintiff falling off the MiniPRO and suffering lacerations and contusions.

61.     Defendant Ninebot is liable despite Defendant Ninebot exercising all possible care in the manufacture and construction of MiniPRO products.

62.     Defendant Ninebot knew or should have known that consumers, such as Plaintiff John K. Vining, would foreseeably suffer injury as a result of Ninebot's failure to exercise reasonable care as described above.

63.     As a direct and proximate result of Plaintiff's use of MiniPRO as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendant Ninebot, Plaintiff John K. Vining suffered personal injury, economic and non-economic damages, and will continue to suffer such harm, damages, and economic loss in the future.

64.     As a direct and proximate result of Plaintiff's use of the MiniPRO and Plaintiff John K. Vining's resulting injuries, Plaintiff has suffered damages and harm, including but not limited to, medical expenses and other economic harm.

**WHEREFORE**, Plaintiff respectfully demands judgments against the Defendants jointly and severally, in the amount of not less than Seventy-Five Thousand Dollars ($75,000.00) as for compensatory and other damages in an amount to be determined by a jury according to law, attorneys' fees, and costs herein.

## EIGHTH CAUSE OF ACTION

### Negligence as to Defendant Ninebot

65.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows.

66.     Defendant Ninebot had a duty to exercise reasonable care in designing, formulating, manufacturing, inspecting, testing, packaging, promoting, labeling, advertising, marketing, instructing on and warning about, distributing, supplying, selling and were otherwise negligent and/or placing its MiniPRO products into the stream of commerce, but Segway failed to exercise such reasonable care, in that Segway knew, or should have known, that its MiniPRO products created a significant risk of bodily harm and were not safe for consumers, but Defendant Segway continued designing, formulating, manufacturing, inspecting, testing, packaging, promoting, labeling, advertising, marketing, instructing on and warning about, distributing, supplying, selling, and were otherwise negligent and/or placing its MiniPRO into the stream of commerce, without adequate labeling and/or adequate warnings of unreasonable risk of serious bodily injury or death.

67.     Defendant Ninebot is liable despite Defendant Ninebot exercising all possible care in the manufacture and construction of the MiniPRO.

68.     Defendant Ninebot should have known that consumers, such as Plaintiff John K. Vining, would foreseeably suffer injury as a result of Segway's failure to exercise reasonable care as described above.

69.     As a direct and proximate result of Defendant Ninebot's negligence, Plaintiff John K. Vining suffered personal injury, economic and non-economic damages, emotional distress, and will continue to suffer harm, damages, and economic loss in the future.

**WHEREFORE**, Plaintiff respectfully demands judgments against the Defendants jointly and severally, in the amount of not less than Seventy-Five Thousand Dollars ($75,000.00) as for compensatory and other damages in an amount to be determined by a jury according to law, attorneys' fees, and costs herein.

## NINTH CAUSE OF ACTION

### Strict Liability for Supplier Defendants Segway and Ninebot

70.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and fully allege as follows.

71.     Defendants Segway and Ninebot are suppliers in that they engaged in a business conducted for the purposes of selling, distributing, leasing, preparing, blending, packaging, labeling, or otherwise placing the product in the stream of commerce according to Ohio Revised Code 2307.71(15).

72.     On the date in question, Defendants Segway and Ninebot are strictly liable as follows:

a.     Defendant Segway and/or Ninebot were negligent and said negligence was the cause of the harm caused to the Plaintiffs as set forth in Ohio Revised Code 2307.78;

b.     Defendants Segway and/or Ninebot failed to ensure the MiniPRO products did not conform when it left their control to the representations made by the suppliers, and the representation and failure to confirm was the proximate cause of the harm as set forth in Ohio Revised Code 2307.78;

c.     Defendant Ninebot is responsible if it is found that the manufacturer of the product is not subject to judicial process in this state as set forth in Ohio Revised Code 2307.78;

d.     Defendant Segway and/or Ninebot furnished to the manufacturer design or formulation that was used to produce, create, make, construct, assemble, or rebuild the MiniPRO as set forth in Ohio Revised Code 2307.78.

73. Defendant Segway is liable despite Defendant Segway exercising all possible care in the manufacture and construction of the MiniPRO.

74. Defendant Segway and/or Ninebot are subject to liability despite their actions not being fraudulent, reckless, or negligent.

75. Defendants Segway and/or Ninebot knew or should have known that consumers, such as Plaintiff John K. Vining, would foreseeably suffer injury as a result of Ninebot's failure to exercise reasonable care as described above.

76. Defendant Segway knew or should have known that consumers, such as John K. Vining, would foreseeably suffer injury as a result of Segway's failure to exercise reasonable care as described above.

77. As a direct and proximate result of Defendant Segway's negligence, Plaintiff John K. Vining suffered personal injury, economic and non-economic damages, emotional distress and will continue to suffer such harm, damages, and economic loss in the future.

**WHEREFORE**, Plaintiff respectfully demands judgments against the Defendants jointly and severally, in the amount of not less than Seventy-Five Thousand Dollars ($75,000.00) as for compensatory and other damages in an amount to be determined according to law, attorneys' fees, and costs herein.

## TENTH CAUSE OF ACTION

### Strict Liability for Supplier Defendant Amazon

78. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and fully allege as follows.

79. Defendants Amazon are suppliers in that they are engaged in a business conducted for the purposes of selling, distributing, leases, preparing, blends, packages, labels, or otherwise

20

participating in placing of a product in the stream of commerce according to Ohio Revised Code 2307.71(15).

80. On the date in question, Defendants Amazon are strictly liable as follows:

a. Defendant Amazon were negligent and said negligence was the cause of the harm caused to the Plaintiffs as set forth in Ohio Revised Code 2307.78;

b. Defendants Amazon failed to ensure the MiniPRO products did not conform when it left their control to the representations made by the suppliers, and the representation and failure to confirm was the proximate cause of the harm as set forth in Ohio Revised Code 2307.78;

c. Defendant Amazon is responsible if it is found that the manufacturer of the product is not subject to judicial process in this state as set forth in Ohio Revised Code 2307.78;

d. Defendant Amazon furnished to the manufacturer design or formulation that was used to produce, create, make, construct, assemble, or rebuild the MiniPRO as set forth in Ohio Revised Code 2307.78.

81. Defendant Amazon is liable despite Defendant Amazon exercising all possible care in distributing the MiniPRO.

82. Defendants Amazon are subject to liability despite their actions not being fraudulent, reckless, or negligent.

83. Defendants Amazon knew or should have known that consumers, such as Plaintiff John K. Vining, would foreseeably suffer injury as a result of Amazon's failure to exercise reasonable care as described above.

84.     Defendant Amazon knew or should have known that consumers, such as John K. Vining, would foreseeably suffer injury as a result of Amazon's failure to exercise reasonable care as described above.

85.     As a direct and proximate result of Defendant Amazon negligence, Plaintiff John K. Vining suffered personal injury, economic and non-economic damages, emotional distress and will continue to suffer such harm, damages, and economic loss in the future.

**WHEREFORE**, Plaintiff respectfully demands judgments against the Defendants jointly and severally, in the amount of not less than Seventy-Five Thousand Dollars ($75,000.00) as for compensatory and other damages in an amount to be determined according to law, attorneys' fees, and costs herein.

<u>**ELEVENTH CAUSE OF ACTION**</u>

<u>**Negligence as to Defendant Amazon**</u>

86.     Plaintiffs incorporate by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows.

87.     Defendant Amazon had a duty to exercise reasonable care in designing, formulating, manufacturing, inspecting, testing, packaging, promoting, labeling, advertising, marketing, instructing on and warning about, distributing, supplying, selling and were otherwise negligent and/or placing its MiniPRO products into the stream of commerce, but Defendant Amazon failed to exercise such reasonable care, in that Amazon knew, or should have known, that the MiniPRO products created a significant risk of bodily harm and were not safe for consumers, but Defendant Amazon continued designing, formulating, manufacturing, inspecting, testing, packaging, promoting, labeling, advertising, marketing, instructing on and warning about, distributing, supplying, selling, and were otherwise negligent and/or placing its MiniPRO into the

stream of commerce, without adequate labeling and/or adequate warnings of unreasonable risk of serious bodily injury or death.

88.    Defendant Ninebot is liable despite Defendant Ninebot exercising all possible care in the manufacture and construction of the MiniPRO.

89.    Defendant Ninebot should have known that consumers, such as Plaintiff John K. Vining, would foreseeably suffer injury as a result of Amazon's failure to exercise reasonable care as described above.

90.    As a direct and proximate result of Defendant Ninebot's negligence, Plaintiff John K. Vining suffered personal injury, economic and non-economic damages, emotional distress, and will continue to suffer harm, damages, and economic loss in the future.

**WHEREFORE**, Plaintiff respectfully demands judgments against the Defendants jointly and severally, in the amount of not less than Seventy-Five Thousand Dollars ($75,000.00) as for compensatory and other damages in an amount to be determined by a jury according to law, attorneys' fees, and costs herein.

<u>**TWELFTH CAUSE OF ACTION**</u>

<u>**Breach of Implied and Express Warranties for Fitness against Defendants**</u>

91.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows.

92.    Defendants Segway and Ninebot made certain express and implied warranties of fitness and safety of the MiniPRO product.

93.    Defendants Segway and Ninebot breached their express warranties in that their MiniPRO proved to be unreasonably dangerous for its foreseeable use.

94.     Defendants Segway and Ninebot impliedly warranted the safety and fitness of the MiniPRO by designing, manufacturing, distributing and selling the products for foreseeable use and that the product was of suitable quality for its intended use pursuant to Uniform Commercial Code 2-313.

95.     Plaintiff relied upon these warranties.

96.     Defendants Segway and Ninebot breached each and every one of the aforesaid warranties.

97.     As a direct and proximate result of Defendant Ninebot's negligence, Plaintiff John K. Vining suffered personal injury, economic and non-economic damages, and will continue to suffer harm, damages, and economic loss in the future.

98.     As a direct and proximate result of Plaintiff's use of the MiniPRO and Plaintiff John K. Vining's resulting injuries, Plaintiff has suffered damages and harm, including, but not limited to, emotional distress, medical expenses, and other economic harm.

**WHEREFORE**, Plaintiff respectfully demands judgments against the Defendants jointly and severally, in the amount of not less than Seventy-Five Thousand Dollars ($75,000.00) as for compensatory and other damages in an amount to be determined by a jury according to law, attorneys' fees, and costs herein.

## THIRTEENTH CAUSE OF ACTION

### Punitive Damage Claims against both Defendants

99.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows.

100.    Defendants Segway and Ninebot knew or should have known of the dangerous propensity of the MiniPRO in foreseeable conditions. Nevertheless, Defendants deliberately,

willfully, wantonly and recklessly withheld knowledge and information concerning the propensity of the MiniPRO to cause riders to fall; devised methods of misleading existing and potential customers of the MiniPRO into believing that such products were reasonably safe; continued to design, produce, assemble, advertise, sell MiniPRO products after it had already learned of the foreseeable harms; and did not take action to warn potential purchasers and identifiable owners of the MiniPRO products' hazardous conditions.

101.    Said willful, wanton, reckless, and deliberate conduct was a direct and proximate result of the injuries, damages, and losses set forth above and justifies an award of punitive damages against the Defendants.

**WHEREFORE**, Plaintiff respectfully demands judgments against the Defendants jointly and severally, in the amount of not less than Seventy-Five Thousand Dollars ($75,000.00) as for compensatory and other damages in an amount to be determined by a jury according to law, attorneys' fees, and costs herein.

## FOURTEENTH CAUSE OF ACTION

### Claim of Consortium

102.    Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows.

103.    Plaintiff Linda Vinning states as a direct and proximate cause of the Defendant's negligence and the result of his injuries suffered a loss of consortium, care, comfort, services in the past and will continue to suffer said losses into the future.

**WHEREFORE**, Plaintiff respectfully demands judgments against the Defendants jointly and severally, in the amount of not less than Seventy-Five Thousand Dollars ($75,000.00) as for

compensatory and other damages in an amount to be determined by a jury according to law, attorneys' fees, and costs herein.

Respectfully submitted,

/s/ William J. Price
**WILLIAM J. PRICE (0071307)**
Elk & Elk Co., Ltd.
6105 Parkland Boulevard
Mayfield Heights, OH 44124
Phone: (440) 442-6677
Fax: (440) 442-7944
E-Mail: wprice@elkandelk.com
*Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff requests a trial by jury to decide this case.

*/s/ William J. Price*
WILLIAM J. PRICE (0071307)
*Attorney for Plaintiff*